**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #9 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3576 PSG (RCx) | Date | October 7, 2008 |
|---|---|---|---|
| Title | Ping Lu v. Michael Chertoff, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Defendants' Motion to Dismiss**

Pending before this Court is Defendants' motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS Defendants' motion.

I.   BACKGROUND

Ping Lu ("Plaintiff") is a citizen of China admitted into the United States with K-2 status, which means he was the child of the fiancee of a United States citizen. Plaintiff filed a complaint against Michael Chertoff, the U.S. Secretary of Homeland Security, Jonathan Scharfen, Acting Director of Citizenship and Immigration Services, and Christina Poulus, Director of Citizenship and Immigration Services California Service Center (collectively, "Defendants") in their official capacity. Plaintiff is suing Defendants for review of a decision made by the United States Citizenship and Immigration Services ("USCIS") and for a declaration that he is eligible to have his status adjusted to permanent resident of the United States.

Plaintiff and his mother, Xiaoli Xu ("Xu"), entered the United States on August 6, 2007. Plaintiff entered under K-2 status as the child of a U.S. citizen's fiancee. Xu married U.S. citizen David Purchase on September 9, 2007, within 90 days of entering the United States. On September 12, 2007, Plaintiff filed to adjust his status from K-2 non-immigrant to permanent resident. On October 28, 2007, Plaintiff turned 21 years old. Plaintiff's application to adjust his status was denied by a letter dated March 6, 2008, because Plaintiff was no longer a "child" as defined by 8 U.S.C. § 1101(b)(1). On May 19, 2008, Plaintiff was ordered to appear before an

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**link #9 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3576 PSG (RCx) | Date | October 7, 2008 |
|---|---|---|---|
| Title | Ping Lu v. Michael Chertoff, et al. | | |

immigration judge in removal proceedings initiated under Section 240 of the Immigration and Nationality Act. Plaintiff is currently in removal proceedings in Texas and the next hearing is scheduled for December 2008.

On August 29, 2008, Defendants filed the present motion to dismiss.

## II.     LEGAL STANDARD

### A.     *Subject Matter Jurisdiction*

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of a claim if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where administrative remedies are provided by federal statutes, legal action may be barred until plaintiff exhausts those remedies. *Bowen v. City of New York*, 476 U.S. 467, 482, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The administrative exhaustion doctrine only applies to remedies that are mandated by federal statute or agency rule and does not extend to optional remedies. *Darby v. Cisneros*, 509 U.S. 137, 143, 113 S. Ct. 2539, 125 L. Ed. 2d 113 (1993). The federal statute pertaining to an immigrant's adjustment and change of status states that a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). Further, "[i]n the case of any alien who has been placed in deportation proceedings or removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(I).

### B.     *Failure to State a Claim*

Rule 12(b)(6) of the Fed. R. Civ. P. provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**link #9 / JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3576 PSG (RCx) | Date | October 7, 2008 |
|---|---|---|---|
| Title | Ping Lu v. Michael Chertoff, et al. | | |

III.   DISCUSSION

    *A.*    *Subject Matter Jurisdiction*

    Defendants assert that the Court does not have subject matter jurisdiction over this claim because Plaintiff did not exhaust the administrative remedies available to him.  A court may review a final order of removal in an immigration proceeding only if "the alien has exhausted all administrative remedies available to the alien as of right . . . ."  8 U.S.C. § 1252(d)(1).  However, Plaintiff argues he does not have to exhaust his administrative remedies because there is no express statutory or regulatory requirement that he do so.  He maintains that his action was brought under the Administrative Procedure Act ("APA"), which allows for judicial review of "final" agency decisions.  5 U.S.C. § 704.

    The decision to deny Plaintiff's adjustment application is not yet "final" because of the pending removal proceedings.  Therefore, Plaintiff's contention that his claim can be reviewed under the APA is unavailing.  *See Acura of Bellevue v. Reich*, 90 F.3d 1403, 1407 (9th Cir. 1996) (stating that only final agency decisions are reviewable under the APA).  The immigration judge has not yet issued a final order of removal as required by 8 U.S.C. § 1252(d)(1) before Plaintiff can seek judicial review.  Since the removal proceeding is ongoing, the immigration judge has exclusive jurisdiction to adjudicate Plaintiff's claim for adjustment of status under 8 C.F.R. § 1245.2(a)(1)(I).  The Court also notes that the plain language of § 1252 expresses Congress' preference for administrative review of pending immigration proceedings, which ensures that the cases are adjudicated by immigration judges who have relevant expertise. Once the removal proceeding is final, Plaintiff may appeal the immigration judge's decision.  *See Sheikh v. Chertoff,* No. C 03-05604, 2008 WL 2631416, at *3 (N.D. Cal. June 30, 2008).  Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

    *B.*    *Failure to State a Claim*

    As an alternative basis for dismissal, Defendants assert that Plaintiff has failed to state a claim.  Because the Court has dismissed Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), it will not consider this argument.

V.   CONCLUSION

    For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #9 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3576 PSG (RCx) | Date | October 7, 2008 |
|----------|----------------------|------|-----------------|
| Title | Ping Lu v. Michael Chertoff, et al. | | |

**IT IS SO ORDERED.**